**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**AMY SUSAN CALLAHAN,** *as Administratrix of the Estate and goods, chattels & credits of Laura L. Woolsey, deceased*; *and* **CHRISTA LYNN CALLAHAN,** *sole distributee of Laura L. Woolsey, deceased*,

                Plaintiffs,               08-CV-760
                                                   (GLS/DRH)

                    v.

**COUNTY OF SCHENECTADY; SCHENECTADY COUNTY CORRECTIONAL FACILITY; HARRY C. BUFFARDI,** *Sheriff, County of Schenectady*; **SCHENECTADY FAMILY HEALTH SERVICES, INC.; ELLIS HOSPITAL; HERBERT REICH, M.D.,** *and all their agents, servants, employees and contractors,*

                Defendants.
_____

**APPEARANCES:**                **OF COUNSEL:**

**FOR THE PLAINTIFFS:**

**Amy Susan Callahan &
Christa Lynn Callahan**
Office of Robert I. Gruber        ROBERT I. GRUBER, ESQ.
295 Madison Avenue
Suite 700
New York, NY 10017

**Amy Susan Callahan**
Berger, DuCharme Law Firm            JOHN W. CLARK, ESQ.
10 Maxwell Drive, Suite 205
Clifton Park, NY 12065

**FOR THE DEFENDANTS:**

**County of Schenectady,**
**Schenectady County**
**Correctional Facility,**
**Harry C. Buffardi**
Burke, Scolamiero Law Firm          THOMAS J. MORTATI, ESQ.
302 Washington Avenue Extension
P.O. Box 15085
Albany, NY 12212-5085

**Schenectady Family**
**Health Services, Inc.**
Hon. Andrew T. Baxter               DIANE CAGINO
United States Attorney              Assistant U.S. Attorney
445 Broadway
218 James T. Foley U.S. Courthouse
Albany, NY 12207-2924

**Ellis Hospital**
Thorn, Gershon Law Firm             PAUL D. JURELLER, ESQ.
5 Wembley Court, New Karner Road
Albany, NY 12212-5054

**Herbert Reich, M.D.**
D'Agostino, Krackeler Law Firm      MAE A. D'AGOSTINO, ESQ.
16 Sage Estate
Sage Mansion
Menands, NY 12204

2

**Gary L. Sharpe**
**U.S. District Judge**

## DECISION AND ORDER

### I. INTRODUCTION

Christina Lynn Callahan ("Callahan"), the administratrix of the estate of Laura Woolsey ("Woolsey"), filed a wrongful death action against defendants in the Supreme Court of Schenectady, State of New York. Defendant Schenectady Family Health Services ("SFHS"), a federally funded entity, removed the action to federal court. Callahan has filed a motion to remand the case to state court claiming, among other things, a deficiency in the removal procedure. SFHS opposes the motion to remand. Following review of Callahan's motion, briefs in support thereof, SFHS' response, and the record on the matter, the court denies Callahan's motion to remand.

### II. BACKGROUND

On July 28, 2005, while incarcerated in the Schenectady County Correctional Facility, Woolsey was transported to a local hospital where she underwent surgery for an aortic valve replacement. (*See* Amended Verified Complaint at ¶¶ 35 and 36; Dkt. No. 1.) On August 2, 2005,

3

Woolsey was released from the hospital and returned to the correctional facility.  *Id.* at ¶ 37.  On August 3, 2005, Woolsey died.  *Id.* at ¶ 43.

Callahan filed a wrongful death action against defendants alleging, among other things, that SFHS, a federally funded entity, failed to provide adequate medical care.  *Id.* at ¶ 41.  Callahan specifically indicated SFHS "was deemed a federally supported community health center pursuant to the Federally Supported Health Center Assistance Act . . . 42 U.S.C. 233(g) . . ."  *Id.* at ¶ 20.  Callahan likewise asserted SFHS "was deemed eligible for coverage under the Federal Tort Claims Act . . ."  *Id.* at ¶ 21.

SFHS removed the action to federal court, and now Callahan has filed a motion to remand asserting deficiencies in the removal procedure.  Specifically, Callahan contends that: (1) removal was untimely and there has not been a proper substitution to name the United States as a party, and (2) all other defendants have not joined in the removal and at least one other defendant has filed a cross-claim which now acts as a waiver of removal.  SFHS opposes Callahan's motion to remand.

### III.  **DISCUSSION**

The Second Circuit has indicated the Federal Torts Claim Act (FTCA):

> [W]aives the United States's sovereign immunity for certain classes of torts claims and provides that the federal district courts shall have exclusive jurisdiction over damages claims against the United Sates for injury or loss of property, or for personal injury or death "caused by the negligent or wrongful acts or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). The FTCA's purpose is both to allow recovery by people injured by federal employees or by agents of the Federal Government, and, at the same time, to immunize such employees and agents from liability for negligent or wrongful acts done in the scope of their employment. *See* 28 U.S.C. § 2679(b)(1); 42 U.S.C. § 233(a); *see also Cuoco v. Moritsugu,* 222 F.3d 99, 107 (2d Cir. 2000) ("[42 U.S.C. § ] 233(A) makes the Federal Tort Claim Act the exclusive remedy for specified action against members fo the Public Health Service. . . . .").

*See Celestine v. Mount Vernon Neighborhood Health Ctr,* 403 F.3d 76, 80-81 (2d Cir. 2005). In *Celestine,* the Second Circuit explained:

> In instances where a tort action is brought against a federally funded public health center (construed as an employee of the United States under the Public Health Service Act of 1944 and Federally Supported Health Centers Assistance Act of 1995) for conduct within the scope of its federal employment, **the Attorney General (or, once again, one of his designees) may certify** that the health center was indeed acting as a federal employee at the time of the incident. See 28 U.S.C. § 2679(d).
>
> Upon certification, the action may then be removed to federal court. See 28 U.S.C. § 2679(d)(2). Once such case is removed, the United States can replace the named defendant as the allegedly liable party-and the case proceeds as a FTCA suit. See 42 U.S.C. § 233(b).

*Id.* (footnote omitted) (emphasis added). In terms of the time frame in

5

which a case may be removed to federal court, the Second Circuit stated:

> [u]pon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, **any such civil action or proceeding commenced in a State court shall be removed . . . <u>at any time before trial</u>** by the Attorney General.
>
> [] If a civil action or proceeding is filed in State court against any entity described in subsection (g)(4) of this section . . . the Attorney General, within 15 days after being notified of such filing, shall make an appearance in such court and advise such court as to whether the Secretary has determined . . . that such entity . . . is deemed to be an employee of the Public Health Service for purposes of this section with respect to the action or omissions that are the subject of such civil action or proceeding. Such advice shall be deemed to satisfy the provisions of subsection (c) of this section that the Attorney General certify that entity . . . was acting within the scope of [its] employment or responsibility.
>
> [] If the Attorney General fails to appear in State court within the time period prescribed under [the previous paragraph], upon petition of any entity or . . . employee . . . of the entity named, the civil action or proceeding shall be removed to the appropriate United States district court. The civil action . . . shall be stayed in such court until such a court conducts a hearing, and makes a determination, as to the appropriated forum.

*Id.* (emphasis added). Based on these directives, this court now examines Callahan's basis for remand.

### A. Timeliness of Removal and Party substitution

Callahan argues removal was untimely. The court disagrees. In *Celestine,* the Second Circuit clearly stated that a United States Attorney's certification was timely so long as the certification occurs before trial. *See Celestine,* 403 F.3d at 81-82 (citing in a footnote to *McLaurin v. United States,* 392 F.3d 774, 780 (5th Cir. 2004)). Here, a state court trial has not yet begun. Accordingly, under Second Circuit precedent, the government's notice of removal was timely and Callahan's claim to the contrary lacks merit.[1]

The same is true with respect to Callahan's claim that there has not been a proper substitution naming the United States as a party in this lawsuit. Callahan's assertion is that SHFS has not yet provided a certification by the Attorney General. However, *Celestine* makes it clear that, in cases like this one, where a "United States Attorney, before a state court trial beg[ins], certifie[s] that [a federally funded health center] was an

---

[1] It is undisputed SFHS qualifies as a federal entity for purposes of this FTCA action. As previously stated, Callahan states in her complaint that: "SFHA was deemed a federally supported community health center pursuant to the Federally Supported Health Center Act . . . 42 U.SC. 233(g) . . ." (*See* Amended Verified Complaint at ¶ 20; Dkt No. 1.) In addition, she also states: "SFHS was deemed eligible for coverage under the Federal Tort Claims Act . . . for injuries, including death caused by employees of a deemed community health center acting within the scope of their employment." *Id.* at ¶ 21.

7

employee of the United States[,] . . . [the United States Attorney] complie[s] in a timely fashion with the requirements of [certification]." *See Celestine,* 403 F.3d at 82. Here, the United States Attorney does not dispute in any way Callahan's own assertion that SFHS was acting under the scope of its employment and, thus, "eligible for coverage under the Federal Tort Claims Act." (*See* Verified Amended Complaint at § 21; Dkt No. 1 and Letter from the government in response to the motion to remand at p.2; Dkt. No. 8.) In addition, it is undisputed that a trial has not yet commenced, thus, under *Celestine,* substitution by the United States Attorney is proper in this case.

## B. The Government's Unilateral Removal and Waiver of removal

Callahan argues removal is defective because all other defendants have not joined in SFHS' removal. Again, the court disagrees. The Second Circuit has clearly indicated that a federal agency may unilaterally remove an entire case to federal court under 28 U.S.C. § 1442. *See Bradford v. Harding,* 284 F.2d 307, 310 (2d Cir. 1960).

In *Bradford,* the Second Circuit instructed that under § 1441(a), all defendants must join in seeking removal. However, the Second Circuit indicated "Section 1441 relates to the rights of individuals [whereas] Section 1442, although dealing with individuals, vindicates [] the interests

8

of government itself . . ." *Id.* Accordingly, the Second Circuit explained that "[w]hen action . . . is brought against a federal officer and others, even the most literal reading would permit the federal officer alone to remove . . ." *Id.* The Second Circuit indicated this reasoning is based on the policy consideration that "[t]he 'general government' must be able to assure each of its officers that a federal forum will be available if he wishes it, whether others sued with him wish it or no." *Id.*

Under *Bradford,* this court must conclude that a federal entity or officer, like SFHS, may remove a case unilaterally under § 1442.

Callahan also contends there is now some type of a waiver of removal on the part of the government because at least one other defendant filed a cross-claim in state court before notice of removal. However, this is precisely the type of situation the *Bradford* court sought to avoid. In *Bradford,* the Second Circuit clearly stated that the strong policy of assuring a governmental agency or its officers the availability of a federal forum to defend from suit "would be frustrated if a plaintiff or a prosecutor, by joining non-federal defendants with no desire to remove, could retain the suit in a tribunal that might 'administer not only the laws of the State, but equally Federal law . . .'" *Id.* (citation omitted). Allowing Callahan to prevail

9

on this argument would clearly truncate the policy *Bradford* seeks to preserve and contravene the holding in *Celestine* where the Second Circuit declared the government's removal of an FTCA action, like this one, may take place at any time before trial.[2]  Therefore, this argument lacks merit.

## IV.  CONCLUSION

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Callahan's motion to remand is **DENIED**; and it is further

**ORDERED** that the Clerk provide copies of this Decision and Order to the parties.

**IT IS SO ORDERED**

Albany, New York
Dated: November 14, 2008

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge

---

[2]Furthermore, the court notes the non-precedential cases cited by Callahan in support of this point are easily distinguishable because none of the cases involve a suit against a government entity or officer, nor do they involve claims under the FTCA.

10