**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

AMY SUSAN CALLAHAN, as Administratrix of the Estate and goods, chattels & credits of Laura L. Woolsey, decedent; and CHRISTA LYNN CALLAHAN, sole distributee of Laura L. Woolsey, decedent,

                     Plaintiffs,

v.

COUNTY OF SCHENECTADY; SCHENECTADY COUNTY CORRECTIONAL FACILITY; HARRY C. BUFFARDI, Sheriff, County of Schenectady; UNITED STATES OF AMERICA; ELLIS HOSPITAL; and HERBERT REICH, M.D., and all their agents, servants, employees and contractors,

                     Defendants.

No. 08-CV-760
(GLS/DRH)

---

**APPEARANCES:**

DuCHARME, HARP & CLARK, LLP
Attorney for Plaintiffs
Suite 205
10 Maxwell Drive
Clifton Park, New York 12065

ROBERT I. GRUBER, ESQ.
Attorney for Plaintiffs
Suite 700
295 Madison avenue
New York, New York 10017

BURKE, SCOLAMIERO, MORTATI &
   HURD, LLP
Attorney for Schenectady County Defendants
Suite 201
9 Washington Square
Post Office Box 15085
Albany, New York 12212-5085

HON. RICHARD S. HARTUNIAN
United States Attorney for the Northern

**OF COUNSEL:**

JOHN B. DuCHARME, ESQ.

THOMAS J. MORTATI, ESQ.

DIANE J. CAGINO, ESQ.
Assistant United States Attorney

District of New York
Attorney for Defendant United States
Room 218
James T. Foley U.S. Courthouse
445 Broadway
Albany, New York 12207

THORN GERSHORN TYMANN & BONANNI, LLP   PAUL D. JURELLER, ESQ.
Attorney for Defendant Ellis Hospital
5 Wembley Court New Karner Road
Post Office Box 15054
Albany, New York 12212-5054

D'AGOSTINO, KRACKELER, & MAGUIRE, P.C.   MAE A. D'AGOSTINO, ESQ.
Attorney for Defendant Reich
The Sage Mansion
16 Sage Estate
Menands, New York 12204

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## MEMORANDUM-DECISION AND ORDER

Presently pending is the motion of plaintiffs Amy Susan Callahan and Christa Lynn Callahan (collectively "plaintiffs"), the administratrix and sole distributee respectively of the estate of Laura L. Woolsey ("Woolsey"), to compel defendant Ellis Hospital ("Ellis") to produce previously redacted portions of the report of the New York State Department of Health (DOH) into Woolsey's death. Dkt. No. 22. Ellis opposes the motion. Dkt. No. 21. 23. As directed, Ellis has submitted to the undersigned for <u>ex parte</u>, <u>in camera</u> review the unredacted DOH report at issue as well as a copy of the redacted copy provided to plaintiffs.[1] For the reasons which follow, plaintiffs' motion is denied.

---

[1] The unredacted copy of the report shall be filed under seal in the docket of this case along with the redacted copy in the event of subsequent review of this decision by another court.

2

## I. Background

On July 15, 2005, Woolsey commenced incarceration at the Schenectady County Jail ("Jail"). Compl. (Dkt. No. 1-1) at ¶ 18. On July 28, 2005, Woolsey was transferred to Ellis where defendant Dr. Herbert Reich performed an aortic valve replacement on Woolsey. Id. at ¶ 19. On August 2, 2005, Woolsey was discharged from Ellis back to the Jail where her recovery was over seen by Schenectady Family Health Services, Inc., a federally funded healthcare provider. Id. at ¶ 20; Bergeron Decl. (Dkt. No. 1-3) at 2, 3. Woolsey died at the Jail on August 3, 2005. Compl. at ¶ 26. Plaintiffs allege in twelve causes of action that Woolsey's death was caused by the negligence of the Jail, the federal healthcare provider, Ellis, and Dr. Reich. Id. at ¶¶ 27-49.

Following Woolsey's death, DOH conducted an investigation of the care provided Woolsey at Ellis and ultimately issued a seven-page "Statement of Deficiencies and Plan of Correction" [hereinafter "report"]. The report recites factual matters obtained by DOH during its investigation as well as conclusions as to whether Ellis' conduct in the case met DOH standards. During discovery, plaintiffs demanded production of the report. Ellis provided a copy of the report from which it redacted virtually all of pages three and four and one-half of page five. the unredacted portions contained the factual findings made by DOH in its investigation and the redacted portions contained the DOH conclusions and opinions. Plaintiffs moved to compel Ellis to produce an unredacted copy of the report, Ellis opposed the motion, Ellis was directed to submit the redacted and unredacted copies of the report to the undersigned for review, and decision on plaintiffs' motion was reserved. See Dkt. No. 19 at 1-2.

## II. Discussion

Under Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any <u>nonprivileged</u> matter that is relevant to any party's claim or defense . . . ." (Emphasis added). The sole basis asserted by Ellis for nondisclosure of the DOH conclusions is that they are protected from disclosure under the New York State Public Health and Education laws. Where, as here, state law governs the adjudication of a plaintiff's claims, the statutory privileges created in the Public Health and Education laws govern the question of privilege raised by Ellis. <u>See</u> Fed. R. Evid. 501 ("[I]n civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness . . . shall be determined in accordance with State law."); <u>see</u> <u>also</u> <u>Ryan v. Staten Island Univ. Hosp.</u>, No. 04-CV-2666 T(ENV), 2006 WL 1025890, at *2 (E.D.N.Y. Apr. 13, 2006); <u>Tartaglia v. Paul Revere Life Ins. Co.</u>, 948 F. Supp. 325, 326-27 (S.D.N.Y.1996).

The Public Health law mandates certain procedures and investigations at hospitals to prevent malpractice and encourage higher quality health care, and it directs that all records and proceedings of such investigations remain confidential. <u>See</u> N.Y. Pub. Health Law § 2805-j, -k, -m. The Education law affords similar protections for similar reasons. <u>See</u> N.Y. Educ. Law § 6527(3). The only portion of the report redacted by Ellis was that included in the section headed "Quality Assurance Program." Therefore, both from the title of the redacted portion and from a review of the substance of the redaction, it appears clear that the redacted portion resulted from the quality assurance procedures at Ellis mandated by state law and that the contents of the redacted portion exclusively contain the opinions and conclusions of DOH.

The question presented, therefore, is whether such opinions and conclusions are protected from disclosure by the statutory privileges in the Public Health and Education laws. The purpose and language of the statutes suggest that they are. Those statutes protect information as confidential to encourage candor as DOH and hospitals fulfill the statutory purposes of reducing malpractice and improving health care. The privilege is particularly appropriate when applied to the expression of opinions and conclusions which depend for their validity and weight on the candor with which they are expressed.[2]

This conclusion is supported by Smith v. Delago, 2 A.D.3d 1259 (3d Dep't 2003). There, the plaintiff in a medical malpractice action sought an order compelling production of the DOH Statement of Deficiencies and the defendant hospital asserted the state law privileges asserted here. The intermediate appellate court held that the plaintiff was entitled to disclosure of the factual matters contained in the Statement but that the DOH opinions and conclusions were privileged from disclosure under state law. Id. at 1261. The court held that such opinions and conclusions served "[t]he purpose of this statutory protection . . . 'to promote the quality of health care through self-review without fear of legal repercussions by assuring confidentiality to those performing the review." Id. (citations omitted).

---

[2] It also appears that opinions and conclusions on issues of alleged malpractice contained in a DOH report, as here, are inadmissible in evidence at trial. See, e.g., Cramer v. Benedictine Hosp., 301 A.D.2d 924, 927-28 (3d Dep't 2003). Thus, the redacted portions here may also be irrelevant for purposes of discovery under Fed. R. Civ. P. 26(b)(1).

### III. Conclusion

For these reasons, the privileges created by the Public Health and Education laws protect from the disclosure the opinions and conclusions contained in the redacted portion of the report for which plaintiffs seek an order compelling disclosure. Accordingly, plaintiffs' motion (Dkt. No. 22) is **DENIED** in all respects.

**IT IS SO ORDERED.**

DATED: March 15, 2010
         Albany, New York

_____
United States Magistrate Judge